B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS** *Erica Vargas, et al,*

**DEFENDANTS** *Larry Loew*

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
*Matthew T. McDonough, Esq.*
*482 Broadway*
*Somerville, MA 02145*

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
- ☑ Creditor   ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor   ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
*Complaint to revoke ch. 7 Discharge of defendant based upon*
*11 USC s. 727(d)(1) & 11 USC 727(c)(4)(A)*

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief - imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $25,000 |
| Other Relief Sought *Costs and attorney's fees* | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Larry Loew* | BANKRUPTCY CASE NO. *11-13339* | |
| DISTRICT IN WHICH CASE IS PENDING *Massachusetts* | DIVISION OFFICE *Eastern* | NAME OF JUDGE *J. Feeney* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Matthew T. McDonough* | | |
| DATE *5/30/12* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Matthew T. McDonough* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS                    CASE NO.: 11-13339

| | | |
|---|---|---|
| ERICA VARGAS, et al. | ) | |
| Creditor & Plaintiff | ) | |
| V. | ) | **COMPLAINT TO REVOKE DISCHARGE** |
| LARRY LOEW, | ) | |
| Debtor & Defendant | ) | |

## PARTIES & FACTUAL BACKGROUND

1. Erica Vargas, et al. are creditors and former tenants of Larry Loew, as identified within Schedule F of Larry Loew's Chapter 7 petition for bankruptcy.

2. Specifically, Erica Vargas et al. consists of individuals Erica Vargas of Baltimore, MD, Kelli Hartung of Colorado Springs, CO, Andy Nein of Colorado Springs, CO and Blair Groves of Brookline, MA (hereinafter "plaintiffs"), all plaintiffs in the civil action that led to Larry Loew's obligation as noted in his Schedule F.

3. Larry Loew (hereinafter "defendant") is an individual with a place of residence of 237 Chestnut Hill Avenue Brighton, MA 02135.

4. On September 22nd 2011, this court issued an order granting defendant's discharge.

5. On April 11, 2012, this court granted the plaintiffs' request to reopen defendant's Chapter 7 bankruptcy.

6. The United States Bankruptcy Court for the District of Massachusetts has jurisdiction over this complaint due the fact that the defendant's Chapter 7 petition was filed, heard and ruled on by this court, as indicated by the fact that it was this court that entered the order granting discharge in the case of In Re: Larry Loew, case no. 11-13339, Chapter 7 petition, District of Massachusetts, Eastern Division.

7. Plaintiff brings the present complaint pursuant to 11 U.S.C. § 727(d)(1) and Fed. R. Bank. Pro. 7001(4).

8. This complaint involves a core proceeding.

## <u>REQUIREMENTS OF 727(d)(1)</u>

9. Plaintiffs repeat the allegations set forth in preceding and subsequent paragraphs as if set forth at length herein.

10. The Definitions section contained within the Statement of Financial Affairs defines an individual debtor as being "[i]n business" if, amongst other things, they are or were, within six years of their petition, "an officer, director, managing executive, or owner ... of a corporation."

11. Defendant claimed in item 18(a) of his "Statement of Financial Affairs" portion of his Chapter 7 petition, said petition having been signed and sworn to by defendant as being accurate and complete on April 28, 2011, that there were no businesses in which he was an "officer, director, partner or managing executive of a corporation" in the six years preceding the commencement of the case.

12. On or about September 24, 2010, defendant created Gold & Loew Real Estate, LLC, a for-profit corporation that has, at all times since its creation, been managed, operated and owned by defendant.

13. The address listed for Gold & Loew Real Estate, LLC is 237 Chestnut Hill Ave, Boston, MA 02135, the same address as the one defendant claims to reside at presently.

14. Neither plaintiff nor plaintiff's counsel had any awareness of the existence of Gold & Loew Real Estate, LLC, or defendant's interest in same, until subsequent to the discharge in the present case.

15. At no place within defendant's Chapter 7 petition, and at no time during his testimony at the creditor's meetings, did defendant offer information that put plaintiff on notice as to the existence of Gold & Loew Real Estate, LLC.

16. Neither plaintiff nor plaintiff's counsel was in possession of information that would cause them to suspect the existence of such LLC, or interest of defendant in same, at any time prior to discharge.

17. On or about October 21, 2011, after he gained the discharge in the present case, defendant sent an unsolicited email to plaintiffs, specifically to Vargas and Hartung, offering them to join his professional profile.

18. Within the email defendant sent to Vargas and Hartung, defendant described himself as owner of Gold & Loew Real Estate, LLC.

19. The entry page to defendant's professional profile attached to the email defendant sent to Vargas and Hartung described him as owner of Gold & Loew Real Estate, LLC.

20. Defendant intentionally and knowingly failed to disclose the existence of, and his interest in, Gold & Loew Real Estate, LLC, in an attempt to defraud creditors, the United States Trustee and this court.

21. Defendant did in fact procure his discharge through the fraud detailed within this complaint.

22. Had the existence of Gold & Loew Real Estate, LLC and defendant's interest therein been known to plaintiffs prior to discharge and presented by plaintiffs to this court in a timely fashion , discharge would not have been granted due to the defendant's false oath in claiming no such business interest existed, in violation of 11 U.S.C. 727(a)(4)(A).


## GROUNDS FOR REVOCATION UNDER 727(a)(4)(A)

23. Plaintiffs repeat the allegations set forth in preceding and subsequent paragraphs as if set forth at length herein.

24. Defendant made his statement in item 18(a) of his "Statement of Financial Affairs" under oath.

25. The statement made by defendant in item 18(a) of his "Statement of Financial Affairs" was false.

26. The statement made by defendant in item 18(a) of his "Statement of Financial Affairs" directly relates to the existence or non-existence of defendant's businesses, business transactions, assets and property.

27. The statement made by defendant in item 18(a) of his "Statement of Financial Affairs" is materially related to his bankruptcy case.

28. Defendant made his statement offered in item 18(a) of his "Statement of Financial Affairs" while knowing such statement to be false.

29. Defendant made the statement offered in item 18(a) of his "Statement of Financial Affairs" with fraudulent intent.

30. Defendant made numerous false claims, and omissions equivalent to false claims, within his Chapter 7 petition, including the statement offered in item 18(a) of his "Statement of Financial Affairs", with intent to mislead all interested parties and this court.

31. Defendant's knowledge of the existence of, and knowledge of his interest in, Gold & Loew Real Estate, LLC, both prior to his Chapter 7 petition and subsequent to his discharge, as indicated by his September 24, 2010 establishment of Gold & Loew Real Estate LLC, and his October 21, 2011 claim of ownership of same, establish that defendant's failure to disclose such interest in item 18(a) of his "Statement of Financial Affairs" results from his intent to defraud.

32. Defendant's numerous false claims, and omissions equivalent to false claims, made within his Chapter 7 petition, including, but not limited to, his false statement in item 18(a) of his "Statement of Financial Affairs", indicate that the false statement offered in item 18(a) was, at a minimum, made with reckless indifference to the truth and with intent to defraud.


WHEREFORE, plaintiff requests that this court take the following action:

1. Revoke defendant's discharge previously granted;

2. Deny defendant's request for discharge;

3. Retain jurisdiction over defendant's estate such that plaintiff, as well as this court and the trustee, may conduct formal discovery in order to determine the full extent of defendant's fraud for purposes of determining whether fraudulent conveyances of assets or property have occurred, and whether the actual estate, whatever it may be, has assets or property for distribution;

4. Order distribution to plaintiff in the amount of $25,000, as indicated in defendant's Schedule F, or in such other amount as the court deems allowable and appropriate;

5. Order defendant to pay plaintiff's costs and attorney's fees related to this action; and

6. Order any such other relief the court deems appropriate.

Respectfully submitted for plaintiff,

/s/ Matthew T. McDonough
Matthew T. McDonough
482 Broadway
Somerville, MA
MA BBO#:665857
617.625.7600
matthew@mcdonough-law.net